**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RUSSELL E. OSBORN, | : | |
| Plaintiff, | : | Case No. 3:04CV437 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| DAYTON CITY POLICE DEPARTMENT, *et al*., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

On December 13, 2004, Plaintiff Russell E. Osborn filed this case *pro se* and paid the filing fee. Summons was then issued but was not returned as executed by the named defendants. Plaintiff took no further action in this case. The record thus contains no indication that the named defendants have been served with a Summons and a copy of Plaintiff's Complaint.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint...." If timely service is not effected, Rule 4(m) requires the Court – "upon motion or on its own initiative after notice to the plaintiff..." – to dismiss the action without prejudice as to any defendant not timely served. District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Because Plaintiff has not effected service as required by Rule 4(m) and has taken no further action since filing his Complaint, the record contains no reason for Plaintiff's failure to effect timely service of summons and his Complaint.  Under these circumstances, Rule 4(m) mandates dismissal of Plaintiff's Complaint without prejudice.  Dismissal of his Complaint without prejudice is also warranted for lack of prosecution.  *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

In addition, Plaintiff may file written objections to this Report within ten days after being served with this Report.  Such objections should include his explanation for the failure to effect service of summons and complaint as required by Rule 4(m).  This Report constitutes notice to Plaintiff as required by Rule 4(m) that unless he files timely written objections, the Court intends to dismiss his Complaint without prejudice.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff Russell E. Osborn's Complaint be dismissed without prejudice; and
2. The case be terminated on the docket of this Court.


March 13, 2006

              s/ Sharon L. Ovington
               Sharon L. Ovington
             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).